```
           IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | |
|---|---|
| **DENNIS X. DEVINE**       : | **CIVIL ACTION** |
|             : | |
|     v.      : | |
|             : | |
| **COMMONWEALTH OF PENNSYLVANIA** : | |
| **HEALTH CARE PROVIDER DEPARTMENT** : | |
| **OF CORRECTIONS**, <u>et al</u>. : | **NO. 02-3674** |

M E M O R A N D U M

**DAVIS, J.**                                JULY      , 2002

      Plaintiff, a prisoner, has filed a <u>pro se</u> 42 U.S.C. § 1983 civil rights complaint against members of the staff at the State Correctional Institution at Somerset (S.C.I. Somerset). He is alleging, in essence, that the defendants violated his constitutional rights because he did not received adequate medical treatment for a bone disease.

      For the reasons outlined below, the court will grant plaintiff leave to proceed <u>in forma pauperis</u>, and transfer this civil action to the United States District Court for the Western District of Pennsylvania.

      Venue for actions under 42 U.S.C. § 1983 is governed by 28 U.S.C. § 1391(b), which provides that this action may be brought in: "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a

judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."

The alleged constitutional violations occurred at S.C.I. Somerset which is located in the Western District of Pennsylvania. Since the claim did not arise in the Eastern District of Pennsylvania, and the defendants do not appear to be located in the Eastern District of Pennsylvania, venue is improper in this court.

When venue is improper, as in this case, the court may, in the interests of justice, transfer the case to a district court in which it could have been brought. 28 U.S.C. § 1406(a). Under the facts set forth in the complaint, the case could have been brought in the Western District of Pennsylvania.

Pursuant to 28 U.S.C. § 1406(a), the court will transfer the case to the United States District Court for the Western District of Pennsylvania.

```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

**DENNIS X. DEVINE**                :        **CIVIL ACTION**
                                    :
    **v.**                          :
                                    :
**COMMONWEALTH OF PENNSYLVANIA**    :
**HEALTH CARE PROVIDER DEPARTMENT** :
**OF CORRECTIONS, et al.**          :        **NO. 02-3674**

O R D E R

This      day of July, 2002, in accordance with the Memorandum filed this date, it is ORDERED that:

1. Leave to proceed in forma pauperis is GRANTED; and

2. The Clerk is directed to TRANSFER this action to the United States District Court for the Western District of Pennsylvania, along with a certified copy of the docket and all papers and the file in this matter.  This transfer is without prejudice to the authority of the transferee court, the United States District Court for the Western District of Pennsylvania, to determine whether the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e).

**BY THE COURT:**


_____
**LEGROME D. DAVIS, J.**